### GEORGE H. HAMLIN & CO. *v.* YOUNG.

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    A verdict will not be reversed unless the evidence against it is of so overwhelming a character that the appellate court can see that the jury must have reached the result through passion or prejudice, ignorance or mistake.

Appeal from Cayuga county court.

Action by George H. Hamlin & Co. against Adaline Young, originally brought in the city court of Auburn, and taken by appeal to the county court

of Cayuga county, where judgment was rendered for defendant upon the verdict of a jury in her favor.   Plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Frederick E. Storke,* for appellant.   *J. Rosecrans,* for respondent.

MACOMBER, J.   Neither the case, nor the order denying the motion for a new trial upon the minutes of the court, contains any statement of the grounds upon which such motion was made.   The appellate court should not be required to guess upon which of the several grounds mentioned in section 999 of the Code of Civil Procedure the same proceeded.   *Gray* v. *Elevator Co.,* 13 Wkly. Dig. 140.   In the month of November, 1886, the defendant placed her husband, Oliver P. Young, in charge of a retail market in the city of Auburn.   The husband was irresponsible, but carried on the business as if it were his own, under the name of the "Third Ward Market."   The business was a losing one from the beginning, and about the 1st of April, 1887, the defendant determined to close it out.   Nevertheless she took a lease on the 1st day of April, 1887, for one year, with the privilege of three more, and on the 18th of that month put into the concern $500 in addition to what she had theretofore invested.   There is much evidence to the effect that for fear of the creditors of her husband, on debts antedating this business, on the one hand, and for fear of further losses of her own in the present enterprise, it was determined by her to put the management of the shop in the name of a Mrs. Northrop, who is said to be a person of no pecuniary responsibility, residing in Brooklyn.   The latter, however, took no part in the management of the concern, and seems to have been a figure-head merely, according to much apparently reliable testimony.   The business was in all respects continued as it had theretofore been conducted, and purchases were made of the plaintiff to a considerable amount.   The plaintiff, who still supposed that Oliver P. Young was the person who was actually conducting the business, obtained a judgment against the latter for the amount of such indebtedness.   Subsequently ascertaining the true situation of affairs, he brought an action against this defendant to recover for the same debt, upon the ground that she was the undisclosed principal in the business.   There is much in the case which would have warranted the jury in rendering a verdict for him, upon the ground that the attempt to conduct the business in the name of Mrs. Northrop was a sham, and that the responsible and real party in interest was, during all this time, the defendant herself.   But the jury has taken a different view of the testimony, and has found that the defendant was not carrying on the market during the time covered by the sales made by the plaintiff.   It is impossible for us to say that there is no evidence to sustain this finding. We are unable to say that the verdict is given against testimony of so overwhelming a character that the court can see that the jury must have reached the result through passion or prejudice, ignorance or mistake.   *Cheeney* v. *Railroad Co.,* 16 Hun, 415.   There are certain exceptions to the testimony which need no special comment, for they relate, not to the merits of the case, and appear to have been made to clearly competent testimony, and hence are unavailing to the appellant.   The judgment should be affirmed, with costs.

All concur.